# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:15-CR-00033-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **STEPHEN ROGER DEAN,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's Motion to Terminate Supervised Release. (Doc. No. 30) ("Motion").

On June 10, 2015, Defendant pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Defendant was sentenced to 63 months of imprisonment and 5 years of supervised release.

Title 18 U.S.C. § 3583(e) states that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

In support of his Motion, Defendant states that he has complied with all terms and conditions of his supervised release and maintained gainful employment. Defendant is under supervision in the Northern District of Georgia, but the Western District of North Carolina ("W.D.N.C.") maintains jurisdiction over his supervised release. His current supervising officer in Georgia submitted a request for early termination to the US Probation Office in the W.D.N.C., but that

request was denied because the W.D.N.C. Probation Office does not submit requests for early termination until the supervisee has completed at least two-thirds of his or her term of supervision. The Government opposes the Motion based on the W.D.N.C. Probation Office's stance that it does not recommend early termination until two-thirds of a defendant's term of supervision is complete.

While Defendant has been on supervised release for over one year, the objectives of supervised release—namely reintegration into the community as a law-abiding and productive member of society—counsel against terminating Defendant's supervised release at this time. Defendant's Presentence Investigation Report reflects trouble with prior probation supervision. Defendant had his probation revoked multiple times between 2010 and 2013. While Defendant's conduct on his current term of supervision has been commendable, the Court must consider Defendant's record as a whole and it is not convinced that termination of Defendant's term of supervised release is warranted at this time. Accordingly, the Court will deny Defendant's motion, but will do so without prejudice to file again once Defendant has completed more of his supervised release term.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Terminate Supervised Release, (Doc. No. 30), is **DENIED** without prejudice. Defendant's term of supervised release shall continue as originally sentenced. The Clerk is directed to serve a copy of this Order on Defendant, counsel for the Defendant, the United States Attorney, and the United States Probation Office.

**SO ORDERED**.

Signed: December 17, 2020

Kenneth D. Bell
United States District Judge